■ PEGGY CAMPOLO, an Infant, by Her Father and Natural Guardian, JEROME CAMPOLO, et al., Respondents, v CITY OF YONKERS, Appellant, et al., Defendants.—In an action to recover damages for personal injuries, etc., the defendant City of Yonkers appeals from (1) an order of the Supreme Court, Westchester County (Burchell, J.), dated December 12, 1985, which denied its motion to set aside the verdict, and (2) a judgment of the same court, dated February 24, 1986, which, upon a jury verdict, is in favor of the plaintiffs and against it in the principal sum of $254,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the appellant's contention, the testimony of the plaintiff's expert Marcia Knight, a clinical psychologist, was not based on speculation and therefore was properly admitted. The record reveals that she based her opinion on a number of tests administered to the infant plaintiff and not merely on a comparison of the intelligence-quotient-test results. In view of her qualifications, her opinion was entitled to such consideration as the jury chose to give it.

In addition, the court properly charged the jury on the issue of the loss of future earning capacity. It is well settled that although the computation of damages in a case such as this "is necessarily speculative and fraught with difficulties" *(Snow v State of New York,* 98 AD2d 442, 450, *affd* 64 NY2d 745) the loss of future earnings of an infant plaintiff is properly compensable *(see, Ledogar v Giordano,* 122 AD2d 834, *appeal withdrawn* 68 NY2d 911). In the instant case there was sufficient evidence presented to establish a reasonable basis for the jury to award such damages if it so chose.

Finally, the award of $254,000 in damages was not excessive. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.